**NOAH LOCKWOOD and ELIZABETH, his Wife, late Elizabeth Waples, Administratrix of Peter Waples, v. PAUL WAPLES.**

Court of Chancery. Sussex. July 27, 1819.

*Ridgely's Notebook II, 479.*

*Mr. Robinson* and *Mr. Wells, Jr.*, for complainant. *Mr. Wells, Sr.*, and *Mr. Cooper* for defendants.

*Mr. Wells* reads the bill.

June 13, 1800, Paul Waples made his will. Land devised to his son, Paul Waples, in fee provided that he, Paul Waples, pay into my (testator's) estate £50 in two equal yearly payments from the time of my death. Also the further sum of £10 twenty months next after my death. Item, I give, etc. to my son Peter Waples the £55 that my said son Paul Waples, Jr., is, in consideration of his inheriting my home place lands, to pay into my estate at two yearly equal payments from the time of my death, to be paid to him my said son Peter Waples by my executor hereinafter to be named at the two different times that it shall become payable to my estate from my said son Paul Waples, Jr. Paul Waples, Jr., executor.

January 9, 1801, Paul Waples, the testator, died. Will proved by Paul Waples, Jr., the executor. Paul Waples took the land

devised to him and has held the same. Peter Waples the legatee died September, 1806. October, 1806, administration on his estate granted to complainant, Elizabeth. Legacy never paid.

Prayer that Paul Waples may be compelled to pay said legacy of £55 with interest from the death of testator, or from the time each installment of it became due.

Answer of Paul Waples, defendant. Admits the will. He says that he has paid the £55 into his father's estate, and disbursed the same in payment of debts. And insists on the Act of Limitation.

*Mr. Wells.* The testator ordered this money to be paid to his executor as executor. Therefore it was liable to debts etc., notwithstanding the testator ordered it to be paid to Peter Waples, for the law after it goes into the executor's hands, will seize it for debts. And the debts have consumed all the assets that went into the hands of the executor. 2 Fon.Eq. 397.

THE CHANCELLOR said that this money never went into the hands of the executor to pay debts. This is a charge on the land, and the money according to the express words and clear intent of the testator was given to Peter Waples to be paid by Paul Waples. It never could be applied to debts.

Decree that the legacy be paid.